# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| MARGARET CORKREAN, | |
| Plaintiff, | CASE NO. 20-cv-336 |
| v. | |
| DRAKE UNIVERSITY and GESINE GERHARD | **LOCAL RULE 81(a) REMOVAL INFORMATION FORM** |
| Defendants. | |

Defendants, Drake University and Gesine Gerhard (collectively "Defendants"), hereby submit the information required by Local Rule 81(a) in connection with their removal of this case to federal court:

1.      All process, pleadings, and orders filed in the state court proceeding are attached hereto.  These materials include:

- **Original Notice & Petition**
- **Acceptance of Service—Drake University and Gesine Gerhard**

2.      There are no known matters pending before the Iowa District Court that will require resolution by this Court, other than the claims asserted by the Plaintiff.

3.      The following attorneys for Plaintiff have appeared in the state court action:

Megan Flynn
Michael J. Carroll
COPPOLA LAW FIRM
2100 Westown Pkwy, Suite 210
West Des Moines, IA 50265
(515) 453-1055
(515) 455-1059 (fax)
megan@wdmlawyers.com
michael@wdmlawyers.com
ATTORNEYS FOR PLAINTIFF

4.     The following attorneys for Defendants have appeared in the state court action solely in connection with filing the Notice of Removal as required by 28 U.S.C. § 1446(d):

> Rebecca E. Reif (AT0011963)
> Olivia D. Brooks (AT0014216)
> AHLERS & COONEY, P.C.
> 100 Court Avenue, Suite 600
> Des Moines, Iowa 50309
> (515) 243-7611
> (515) 243-2149 (fax)
> rreif@ahlerslaw.com
> obrooks@ahlerslaw.com

> Rebecca E. Reif (AT0011963)
> Olivia D. Brooks (AT0014216)
> AHLERS & COONEY, P.C.
> 100 Court Avenue, Suite 600
> Des Moines, Iowa 50309
> (515) 243-7611
> (515) 243-2149 (fax)
> rreif@ahlerslaw.com
> obrooks@ahlerslaw.com
> ATTORNEY FOR DRAKE DEFENDANTS

**Electronically filed and served.**

Megan Flynn
Michael J. Carroll
COPPOLA LAW FIRM
2100 Westown Pkwy, Suite 210
West Des Moines, IA 50265
(515) 453-1055
(515) 455-1059 (fax)
megan@wdmlawyers.com
michael@wdmlawyers.com
ATTORNEYS FOR PLAINTIFF

| CERTIFICATE OF SERVICE | | | |
|---|---|---|---|
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on: _October 28, 2020_ | | | |
| By: ☐ U.S. Mail | | ☐ Fax | |
| ☐ Hand delivery | | ☐ Private Carrier | |
| ☒ Electronically (*via EDMS*) | | ☐ E-mail | |
| Signature: _Kimberly Wolf_ | | | |

01774882-1\10420-158

State Court Filings

E-FILED  2020 SEP 25 11:33 AM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| MARGARET CORKREAN,<br><br>      Plaintiff,<br><br>vs.<br><br>DRAKE UNIVERSITY and GESINE<br>GERHARD, individually,<br><br>      Defendants. | CASE NO. ___LACL148777___<br><br><br>**PETITION AT LAW<br>AND JURY DEMAND** |

Plaintiff, Margaret Corkrean, in support of her Petition at Law and Jury  Demand against Defendants Drake University and Gesine Gerhard, individually (collectively, "Defendants""), pleads and states as follows:

## I.    INTRODUCTION

1.    This is an action by the Plaintiff against the Defendants alleging that Plaintiff was discriminated against and harassed because of her age and disabilities in violation of the Iowa Civil Rights Act, Iowa Code Chapter 216, and the Americans with Disabilities Act, as amended, and that Plaintiff was retaliated against after she complained of harassment and discrimination.  Plaintiff also alleges that Defendants violated the Family Medical Leave Act.

## II.    PARTIES

2.    Plaintiff was at material times hereto a resident of Dallas County, Iowa, and an employee of Defendants.

E-FILED  2020 SEP 25 11:33 AM POLK - CLERK OF DISTRICT COURT

3.      Defendant Gesine Gerhard, was, at all times material hereto, an employee of Drake University and Plaintiff's direct supervisor.

### III.      JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter as the value exceeds the small claims jurisdictional amount.

5.      Venue is appropriate in this court as Defendants are doing business in Des Moines, Polk County, Iowa and the alleged civil rights violations occurred within Polk County, Iowa.

### IV.      PROCEDURAL PREREQUISITES

6.      Plaintiff timely filed her administrative complaint with the Iowa Civil Rights Commission and was issued a right to sue letter.

### V.      FACTS

7.      Plaintiff was employed by Drake University for more than 28 years before Defendants terminated her employment on October 7, 2019.

8.      Just prior to her termination, Plaintiff had held the position of Budget Manager for the College of Arts and Sciences.

9.      In that position, Plaintiff reported directly to the Dean of the College.

10.      During the majority of the time that Plaintiff worked for Defendant Drake, she received satisfactory performance reviews and positive job performance feedback.

2

E-FILED  2020 SEP 25 11:33 AM POLK - CLERK OF DISTRICT COURT

11.    Plaintiff's former direct supervisor, the Dean of the College of Arts and Sciences, retired, a new Dean, Dean Gerhard, was hired.

12.    Gerhard became Plaintiff's direct supervisor on July 1, 2018.

13.    Plaintiff was diagnosed with multiple sclerosis in 2004 with the primary symptom of extreme fatigue.

14.    In approximately August, 2018, Plaintiff was diagnosed with herniated and bulging discs in her upper back, and by May, 2019, Plaintiff was diagnosed with similar problems in her lower back.

15.    The herniated and bulging discs caused Plaintiff not only back pain but extreme pain in her extremities.

16.    For these conditions, Plaintiff requires physical therapy, chiropractic care, massage therapy, and injections.

17.    Prior to Dean Gerhard becoming Plaintiff's direct supervisor, Plaintiff had managed her conditions well by taking leave as needed for required medical appointments.

18.    Plaintiff often worked evenings and weekends to make up any time she spent for her needed medical visits, and faculty thanked her over the years for her availability during evening hours.

19.    Plaintiff's focus was always doing the best job she could and completing her work.

E-FILED  2020 SEP 25 11:33 AM POLK - CLERK OF DISTRICT COURT

20.    However, very early on in her career as a new Dean, Gerhard began insisting to Plaintiff that she wanted Plaintiff in the office between the hours of 8 to 4:30.

21.    The office hours that Gerhard expected became a source of stress to Plaintiff, who had appreciated flexibility to schedule health appointments as she needed them and around her work responsibilities.

22.    On or about September 12, 2018, Gerhard met with Plaintiff to discuss that Plaintiff was missing work.

23.    Plaintiff explained her conditions, including multiple sclerosis, to Gerhard and that she needed time off to care for her conditions.

24.    Plaintiff offered to provide doctors' notes/verifications for any of her time off.

25.    Gerhard responded to Plaintiff during this conversation that she "did not care if you have MS," that Gerhard was requiring Plaintiff to be in the office every day during work hours.

26.    Gerhard acknowledged that Plaintiff worked evenings/weekends remotely, but said those hours of work were Plaintiff's "choice" and would not be "counted" against the required regular office hours.

27.    During this mid-September meeting, Gerhard also questioned whether Plaintiff understood the importance of her job.

28.    Plaintiff replied she did.

4

E-FILED  2020 SEP 25 11:33 AM POLK - CLERK OF DISTRICT COURT

29.     In a different meeting at about the same mid-September timeframe, when Gerhard had been particularly relentless about the office hours, Gerhard said, "so, what is going on with your health?"

30.     The tone of voice used by Gerhard when making this comment was not respectful and Plaintiff did not understand Gerhard to be asking this question in a positive way.

31.     Having already previously explained her health conditions to Gerhard in detail, Plaintiff responded to Gerhard that, legally, Gerhard was not allowed to ask her that question.

32.     At that point, Gerhard lost her temper with Plaintiff.

33.     She became agitated and left the table where she and Plaintiff had been sitting and threatened to call human resources to the meeting and have them present or the meeting would not continue.

34.     Gerhard stood with her hand over the phone and proceeded to talk to Plaintiff.

35.     Plaintiff was telling Gerhard that she viewed her role to be there to help Gerhard and teach Gerhard (because Gerhard had just taken over in a new role as Dean).

36.     When Plaintiff said this, Gerhard put her hands on her hips and said, "you don't need to teach me anything."

E-FILED  2020 SEP 25 11:33 AM POLK - CLERK OF DISTRICT COURT

37.    Plaintiff was distraught after this meeting and sought the assistance of human resources.

38.    On or about September 16 or September 17, 2018, Plaintiff met with human resources employee Deb Wiley.

39.    Plaintiff explained to Wiley that she felt she was being harassed for taking time off from work to care for her medical conditions.

40.    Plaintiff was crying and was very upset during this meeting.

41.    Plaintiff explained that during her many years with Drake she had never been treated like this by any other Dean.

42.    Wiley encouraged Plaintiff to seek FMLA leave.

43.    Plaintiff took Wiley's advice and sought FMLA leave and was approved for intermittent FMLA leave for her multiple sclerosis/back condition.

44.    Plaintiff's receipt of FMLA leave, however, did not improve Gerhard's behavior toward Plaintiff.

45.    On or about January 3, 2019, Plaintiff emailed Wiley and the Director of Human Resources, Mary Alice Hill, regarding Gerhard's continued harassment and attached typed notes regarding the harassment.

46.    Gerhard was resolute in insisting upon the office hours she wished Plaintiff to keep, irrespective of Plaintiff's medical conditions or appointments, and also without deference to Plaintiff's approved FMLA leave.

E-FILED  2020 SEP 25 11:33 AM POLK - CLERK OF DISTRICT COURT

47.    Plaintiff followed up again by email on or about January 7, 2019, asking Wiley and Hill if they had received the written notes she sent them.

48.    Plaintiff did not receive any response to her notes from either Wiley or Hill.

49.    Plaintiff continued to suffer Gerhard's harassment.

50.    In mid-January, Plaintiff again contacted Wiley, seeking assistance when Gerhard responded to an email Plaintiff had sent letting Gerhard know she needed to take a day off for time to travel to northeast Iowa to take her father to a doctor's appointment, because her mother had recently passed away.

51.    Gerhard approved the request, but her response was less than considerate.

52.    Plaintiff again became distraught about the level of scrutiny she received from Gerhard for any time off.

53.    Wiley again recommended that Plaintiff seek FMLA leave, this time as needed to care for her father.

54.    Plaintiff decided to let the matter rest and instead tried to help her father as best she could on weekends.

55.    On or about June 18, 2019, Plaintiff attended a meeting with Gerhard wherein Gerhard was critical of Plaintiff, and primarily discussed Plaintiff's time in the office/attendance.

E-FILED  2020 SEP 25 11:33 AM POLK - CLERK OF DISTRICT COURT

56.     Plaintiff then again attempted to follow up with human resources by emailing Hill, requesting a meeting with Hill and writing: "Mary Alice, I would like to meet with you this week to discuss Gesine's continued harassment with me.  In 28 years I have never been treated from anyone Dean like she has treated me after two months of arriving on this campus."

57.     The e-mail continued: "Also I have never received a bad evaluation for 28 years but this year she is making sure I do."

58.     Hill responded that her schedule was packed and she just came back from vacation and informed Plaintiff that Wiley was out that week.

59.     Plaintiff decided not to meet with Hill since Wiley would not be present.

60.     Instead, Plaintiff sent an email to Hill in which she reminded Hill that she had not received any response to her correspondence sent earlier in the year and referred Hill back to the notes she had sent on January 3, 2019.

61.     Plaintiff wrote "I sent a lengthy e-mail about Gesine harassing me and creating a hostile work environment.  I included the minutes to a meeting in the e-mail. I never heard back from you."

62.     Within the same email exchange, Plaintiff also asked Hill whether Gerhard could deny Plaintiff a week of vacation, which Plaintiff had requested and Gerhard had denied.

E-FILED  2020 SEP 25 11:33 AM POLK - CLERK OF DISTRICT COURT

63.    Gerhard had denied Plaintiff vacation in June, 2019 because of Plaintiff's FMLA absences and because it was a busy time of year.

64.    Plaintiff informed Hill that Gerhard still continued to bring up Plaintiff's medical-related absences.

65.    Plaintiff did not receive any response from human resources regarding her concerns or the harassment she was experiencing.

66.    Instead, Plaintiff attended a meeting with Gerhard and Hill on or about June 27-28, 2019 in which Defendants decided to discipline Plaintiff.

67.    Plaintiff was given a 5-page written memo from Gerhard "summariz[ing] issues with your work performance."

68.    Among the issues was "Attendance and Working Time."

69.    During this meeting, Gerhard repeatedly stated that Plaintiff needed to be in the office during "core office" hours and that there have been issues with Plaintiff's attendance from the start.  While issues regarding Plaintiff's performance were also discussed, the main theme of the meeting was to rebuke Plaintiff for her attendance.

70.    The memo required Plaintiff to "provide a written and detailed action plan" to Gerhard by July 8.

71.    On July 2, 2019, Plaintiff provided the action plan as requested.

72.     On or about July 10, 2019, and having received no response to her prior complaints of harassment, Plaintiff wrote a formal, written complaint addressed to Mary Alice Hill/Debra Wiley with Drake human resources.

73.     Plaintiff began the memorandum as follows:

The purpose of this letter is to submit a complaint to the University regarding the discrimination, harassment, and retaliation I am facing in my employment.  As you know, I have worked for Drake University for 28 years, starting on September 3, 1991.

74.     The complaint continued:

Until recently, I have been allowed to take FMLA leave on an intermittent leave throughout my employment without any issue.  I have also received satisfactory performance reviews throughout my employment until recently.  As discussed below, my employment has completely changed since Dean Gesine Gerhard became my supervisor.  For the past 10 months, Dean Gerhard has harassed me, discriminated against me, and retaliated against me for my health issues and taking FMLA leave.  HR has been aware of Dean Gerhard's treatment of me, but has failed to correct or intervene in the conduct.

75.     On July 16, 2019, Wiley issued a memorandum to Plaintiff "to summarize our meeting and address a number of issues brought to the Human Resources Department ("HR") regarding your leave, including FMLA leave, your supervisor's management of your leave and performance, and expectations for your performance as the College of Arts & Sciences Budget Manager."

76.     The memorandum addressed Plaintiff's attendance issues, performance issues, and Drake's ongoing obligations under the FMLA, all in the same document.

77.     Ironically, the document read, in part:

E-FILED  2020 SEP 25 11:33 AM POLK - CLERK OF DISTRICT COURT

> If you have additional or ongoing concerns regarding the provision of your FMLA intermittent leave, please contact HR.  Additionally, please be advised that retaliation for raising concerns to HR related to proper FMLA administration is prohibited, and you should promptly advise HR if you believe you have been retaliated against for raising these concerns.

78.    On or about July 17, 2019, Wiley sent Plaintiff an email letting her know that she would be sitting in on the one-on-one meetings Gerhard had with Plaintiff "to monitor conversations and communication styles."

79.    When Plaintiff questioned what the professionalism complaints had been against her that were mentioned during Wiley's FMLA-discipline process, Wiley also wrote, "If additional complaints or concerns about professional communication arise from others at the University, details will be shared with you as appropriate to address the concerns."

80.    Plaintiff did not believe that Wiley attended the meetings for her benefit.

81.    On or about September 10, 2019, and after never having received any help from Drake with the harassment she was experiencing, Plaintiff filed, through her attorney at the time, a charge against Drake alleging a violation of the National Labor Relations Act, which related to additional harassment of Gerhard.

82.    An investigation was launched by the NRLB.

83.    On October 7, 2019, Plaintiff was called into a meeting with Gerhard and Hill and fired.

E-FILED  2020 SEP 25 11:33 AM POLK - CLERK OF DISTRICT COURT

84.    Plaintiff was handed a written memorandum regarding her termination which identified Gerhard's alleged performance concerns.

85.    The termination memo also read, in part, "Following the June 24/26 Memo and the development of your Action Plan, the University's Human Resources Department was appropriately involved to monitor and facilitate your leave from work and performance improvement plan."

86.    While noting asserted performance deficiencies, the termination memo also read, in part:

> I have also not seen improvement in the third area of your July 16 Plan for Improvement.  Despite being informed that you were expected to be at work, on-time, in full other than the times you were on approved FMLA or other leave, you have continued to arrive to work late or leave early without pre-approval or recording leave time.  For instance, you came in late or left early on August 21 and 26 without pre-approval or recording paid leave on your leave report.  You were also absent without pre-approval for part of the workday on September 3, 11, 17-19, 25 and 26 and paid leave is not yet reflected in your leave report for these dates.  It was reiterated in the July 16 Memo that you were not to be "flexing" your time by working a different schedule in order to make up for these kinds of absences.

87.    Plaintiff asked, during the meeting, "does this have anything to do with me filing a harassment complaint against Drake and what is going on there?"

88.    Hill replied "no."

89.    Plaintiff asked to get her belongings but was told by Hill "not today."

90.    Hill then said "so we would like you to leave from here.  We will have you give us your key card, and your badge and your keys."

E-FILED  2020 SEP 25 11:33 AM POLK - CLERK OF DISTRICT COURT

91.    Hill also let Plaintiff know multiple times during the conversation that she could resign, and that either way, Drake would not contest her unemployment benefits.

92.    Throughout all of her employment with Drake, Plaintiff was an exempt employee.

93.    At the time Plaintiff was fired, she was 53-years old.

94.    At the time Plaintiff was fired, Gerhard was approximately in her 40s.

95.    Plaintiff's job responsibilities, after she was fired, were assumed by two separate employees, one in her early 30s and another who was in her 20s.

96.    Plaintiff is aware that Drake has a policy prohibiting harassment and discrimination based on age or disability.

97.    The policy states: "Any such harassment undermines the mission of the University through its insidious and detrimental impact on individual students, faculty, staff, and on the University community as a whole."

98.    Defendants failed to prevent harassment and discrimination against Plaintiff.

99.    Plaintiff suffered adverse employment actions as a result of Defendants' failure to comply with their own policy and failure to comply with state and federal law.

100.    Plaintiff does not want anyone else to experience what she experienced when she worked under Gerhard's management and when she was terminated.

E-FILED  2020 SEP 25 11:33 AM POLK - CLERK OF DISTRICT COURT

101.    Plaintiff suffered damages and has been forced to file this lawsuit.

## VI. <u>CLAIMS</u>

### <u>COUNT I</u>

**DISABILITY AND AGE DISCRIMINATION AND HOSTILE WORK
ENVIRONMENT HARASSMENT IN VIOLATION OF THE IOWA CIVIL RIGHTS
ACT, IOWA CODE CHAPTER 216**

102.    Plaintiff incorporates paragraphs 1 through 101 of this Petition as if fully

set forth herein.

103.    Under the provisions of the Iowa Civil Rights Act, it is unlawful for an

employer or person to discriminate against an employee on the basis of his or her

disabilities or age.

104.    Under the provisions of the Iowa Civil Rights Act, it is unlawful for an

employer or person to subject an employee to a hostile work environment.

105.    Plaintiff was protected under the Iowa Civil Rights Act because she is

either substantially limited in one or more major life activities, was perceived or

regarded as disabled as a result of her multiple sclerosis and back conditions, or had a

record of disability as a result of such conditions, which substantially limited her in one

or more major life activities.

106.    Plaintiff suffers from multiple disabilities including multiple sclerosis and

cervical and lumber back conditions.

107.    At the time she was fired, Plaintiff was 53-years old.

E-FILED  2020 SEP 25 11:33 AM POLK - CLERK OF DISTRICT COURT

108.    Defendants discriminated against Plaintiff with respect to her compensation and terms and conditions of employment by terminating her employment because of her age and/or disabilities in violation of the Iowa Civil Rights, by subjecting her to a hostile work environment, and by failing to accommodate her disabilities.

109.    Plaintiff suffered an adverse action when her employment was terminated.

110.    Plaintiff suffered an adverse action when she was subjected to a hostile work environment.

111.    Plaintiff suffered adverse actions when Defendants failed to accommodate her disabilities.

112.    A causal connection exists between Plaintiff's protected status and the adverse employment actions.

113.    As a proximate result of Defendants' actions, as outlined above, Plaintiff has in the past and will in the future suffer mental and emotional harm, anguish, humiliation, embarrassment, loss of dignity, lost wages and benefits, and lost earning capacity.

114.    Plaintiff requests relief as more fully set forth below.

E-FILED  2020 SEP 25 11:33 AM POLK - CLERK OF DISTRICT COURT

## COUNT II

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT as amended by the AMERICAN WITH DISABILITIES ACT AMENDMENTS ("ADAAA"), 42 U.S.C. § 12101 *et seq.*

115.    Plaintiff incorporates paragraphs 1 through 114 of this Petition as if fully set forth herein.

116.    Plaintiff is protected from disability discrimination by the ADAAA.

117.    Plaintiff was qualified under the ADAAA because she was either substantially limited in one or more major life activities, was perceived or regarded as disabled as a result of her multiple sclerosis and back conditions, or had a record of disability as a result of such conditions, which substantially limited her in one or more major life activities.

118.    Defendants have discriminated against Plaintiff with respect to her compensation, terms, and conditions of employment by terminating her employment because of her disability in violation of the ADAAA.

119.    Plaintiff suffered an adverse employment action when her employment was terminated, when she was subjected to a hostile work environment, and also when Defendants failed to accommodate her disabilities.

120.    A causal connection exists between Plaintiff's protected status and the adverse employment action.

E-FILED  2020 SEP 25 11:33 AM POLK - CLERK OF DISTRICT COURT

121.    As a proximate result of Defendants' actions, as outlined above, Plaintiff has in the past and will in the future suffer mental and emotional harm, anguish, humiliation, embarrassment, loss of dignity, lost wages and benefits, and lost earning capacity.

122.    Defendant's conduct was willful and/or undertaken with disregard for Plaintiff's federally protected rights.

123.    Plaintiff has been damaged as a proximate result of this violation and requests relief as set forth below.

## COUNT III

**VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. § 2601 *et seq*.**

124.    Plaintiff incorporates paragraphs 1 through 123 of this Petition as if fully set forth herein.

125.    Drake University is an "employer" within the meaning of the FMLA.

126.    Beginning in approximately September, 1992, Corkrean was an "eligible employee" within the meaning of the FMLA.

127.    During her employment with Defendants, Corkrean suffered from "serious health conditions" within the meaning of the FMLA.

128.    Corkrean was eligible and was approved by Drake to take intermittent leave under the FMLA in connection with her serious health conditions.

129.    Plaintiff invoked her right to take leave under the FMLA.

E-FILED 2020 SEP 25 11:33 AM POLK - CLERK OF DISTRICT COURT

130. Defendants failed to provide Plaintiff with the protected leave that the FMLA requires.

131. Defendants interfered with Plaintiff's right to take leave under the FMLA.

132. Defendants discriminated against Plaintiff and fired her for attempting to exercise her rights under the FMLA.

133. Defendants retaliated against Plaintiff as a result of her exercising her rights under the FMLA.

134. Defendants fired Plaintiff as a result of her exercising her rights under the FMLA.

135. As a result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to lost wages, benefits, future earnings, and other emoluments of employment.

136. Plaintiff requests relief as more fully set forth below.

## COUNT IV

**RETALIATION IN VIOLATION OF THE IOWA CIVIL RIGHTS ACT, IOWA CODE CHAPTER 216**

137. Plaintiff incorporates paragraphs 1 through 136 of this Petition as if fully set forth herein.

138. Under the provisions of the Iowa Civil Rights Act, it is unlawful for an employer to retaliate against an employee because she has engaged in protected activity under the Iowa Civil Rights Act.

E-FILED  2020 SEP 25 11:33 AM POLK - CLERK OF DISTRICT COURT

139.    Plaintiff engaged in protected activity by complaining about the harassment and discrimination she was experiencing and by complaining about Gerhard's failure to accommodate her disabilities.

140.    Plaintiff engaged in protected activity by filing a complaint with the National Labor Relations Board.

141.    Defendants retaliated against Plaintiff by subjecting her to a hostile work environment and terminating her employment.

142.    A causal connection exists between Plaintiff engaging in protected activity, and the Defendants' retaliation.

143.    As a proximate result of Defendants' actions, as outlined above, Plaintiff has in the past and will in the future suffer mental and emotional harm, anguish, humiliation, embarrassment, loss of dignity, lost wages and benefits, and lost earning capacity.

144.    Plaintiff requests relief as set forth more fully set forth below.

## COUNT V

### RETALIATION  IN VIOLATION OF AMERICANS WITH DISABILITIES ACT as amended by the AMERICAN WITH DISABILITIES ACT AMENDMENTS ("ADAAA"), 42 U.S.C. § 12101 *et seq.*

145.    Plaintiff incorporates paragraphs 1 through 144 of this Petition as if fully set forth herein.

E-FILED  2020 SEP 25 11:33 AM POLK - CLERK OF DISTRICT COURT

146.    Under the provisions of the ADAAA, as amended, it is unlawful for an employer to retaliate against an employee for that employee's participation in protected activity.

147.    Plaintiff engaged in protected activity by complaining about Gerhard's harassment and failure to accommodate her disabilities to Drake human resources.

148.    Plaintiff engaged in protected activity by filing a complaint with the National Labor Relations Board.

149.    Defendants retaliated against Plaintiff for engaging in protected activity by subjecting her to a hostile work environment and by terminating her employment.

150.    Defendants' actions in retaliating against Plaintiff are in violation of the ADAAA, as amended.

151.    As a proximate result of Defendants' actions, as outlined above, Plaintiff has in the past and will in the future suffer mental and emotional harm, anguish, humiliation, embarrassment, loss of dignity, lost wages and benefits, and lost earning capacity.

152.    Defendants' acts were in violation of the Americans with Disabilities Act, as amended, and were carried out with malice or reckless indifference to Plaintiff's federally protected rights, thus entitling Plaintiff to punitive damages.

153.    Plaintiff has been damaged as a proximate result of this violation and requests relief as set forth below.

E-FILED  2020 SEP 25 11:33 AM POLK - CLERK OF DISTRICT COURT

## VII.    RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment and seeks the following relief:

A.    An adjudication that Plaintiff's discharge from employment, as set forth above, was an unfair and/or discriminatory practice within the meaning of Iowa Code § 216.6 (2019);

B.    An award of back pay and benefits pursuant to Iowa Code §§ 216.16(6) and 216.15(9)(a)(8) (2019);

C.    An order of reinstatement or an adjudication that reinstatement is not appropriate and in lieu thereof an award of reasonable front pay and benefits pursuant to Iowa Code §§ 216.16(6) and 216.15(9)(a)(8) (2019) or pursuant to the Family Medical Leave Act;

D.    An award of compensatory damages, including emotional pain, suffering, inconvenience and mental anguish, pursuant to Iowa Code §§ 216.16(6) (2019);

E.    An award of pre-judgment interest as provided by law;

F.    An award of offset, as an additional appropriate remedy pursuant to the Iowa Civil Rights Act for any and all income taxes due from her on account of the other damages and/or recovery awards herein;

G.    An award of punitive or exemplary damages, as allowed by law;

H.    An award of liquidated damages, as allowed by law;

E-FILED  2020 SEP 25 11:33 AM POLK - CLERK OF DISTRICT COURT

I.    An adjudication that Plaintiff is entitled to equitable relief in the form of

orders and injunctive relief requiring Defendant to do the following:

> (i)    Provide training to supervisory employees regarding how to effectively avoid discrimination in employment on the basis of disability and age, and to report to the court once every six months for a period of three years on the training provided and on its effectiveness;

> (ii)   Require that all disciplinary decisions regarding employees employed by Defendant in Iowa be reviewed by an independent EEO agency for compliance with EEO laws and regulations prior to implementation;

> (iii)  Monitor the environment in workplaces operated by Defendant in Iowa to assure that employees are not being treated unfairly based on disability and age, and report annually to the court for a period of three years on its monitoring; and

> (iv)   Test and evaluate supervisory employees working for Defendant in Iowa to assure that they do not exhibit or act upon bias against the disabled or bigoted attitudes and opinions, do not tolerate disparate treatment based on disability and age by their subordinates, and report annually for a period of three years on its testing and evaluating.

J.    An adjudication that Plaintiff is entitled to reasonable attorney fees

pursuant to Iowa Code § 216.16(6) (2019), as well as interest allowed by law and the

costs of this action; and

K.    Award such other and additional relief as the Court may deem just and

proper.

E-FILED  2020 SEP 25 11:33 AM POLK - CLERK OF DISTRICT COURT

### VIII.   <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial for all claims alleged herein.

Respectfully submitted,

   /s/ Megan Flynn
Michael J. Carroll – AT0001311
Megan Flynn – AT0010000
Coppola, McConville, Carroll, Hockenberg &
Flynn, P.C.
2100 Westown Parkway, Suite 210
West Des Moines, Iowa  50265
Telephone:  (515) 453-1055
Facsimile:  (515) 455-1059
E-mails:  michael@wdmlawyers.com
              megan@wdmlawyers.com

ATTORNEYS FOR PLAINITFF

Original filed.

E-FILED  2020 SEP 25 11:33 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| MARGARET CORKREAN,<br><br>      Plaintiff,<br><br>vs.<br><br>DRAKE UNIVERSITY and GESINE GERHARD, individually,<br><br>      Defendants. | CASE NO. _LACL148777_<br><br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT(S):

      You are notified that a Petition at Law and Jury Demand has been filed in the office of the clerk of this court on September 25, 2020, naming you as the defendant(s) in this action. A copy of the Petition at Law and Jury Demand is attached to this notice. The names and address of the attorneys for the plaintiff(s) are Michael J. Carroll and Megan Flynn of Coppola, McConville, Carroll, Hockenberg & Flynn, P.C., 2100 Westown Parkway, Suite 210, West Des Moines, Iowa 50265. The attorneys' phone number is 515-453-1055; facsimile number: 515-453-1059.

      You must serve a motion or answer within 20 days after service of this original notice upon you, and within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County, Polk County Courthouse, 500 Mulberry Street, #212, Des Moines, Iowa, 50309. That must be filed electronically as set out below. If you do not, judgment by default may be rendered against you for the relief demanded in the petition. **YOU MUST ELECTRONICALLY FILE** an Appearance and Answer using the Iowa Judicial Branch Electronic Document Management System (EDMS) at https://www.iowacourts.state.ia.us/EFile, unless you obtain from the Court an exemption from electronic filing requirements. If your Appearance and Answer is filed within 20 days and you deny the claim, you will receive electronic notification through EDMS of the place and time of the hearing on this matter. If you electronically file an Appearance and Answer, EDMS will serve a copy of the form on the Plaintiff, unless Plaintiff is exempt from electronic filing, or on the attorney for Plaintiff. The Notice of Electronic Filing will indicate if you must mail a copy of your Appearance and Answer to Plaintiff. You must also notify the Clerk's Office of any address change.

      If you require the assistance of auxiliary aids or services to participate in court because of disability, immediately call your district ADA coordinator at (515) 286-3770. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

**IMPORTANT:** YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS

E-FILED  2020 SEP 28 1:32 PM POLK - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.*  **LACL148777**

*County*  **Polk**

*Case Title*  **MARGARET CORKREAN VS DRAKE UNIVERSITY ET AL**

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

---

*Scheduled Hearing:*

---

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394**   .  (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued*  09/28/2020 01:32:38 PM



*District Clerk of*  Polk                    *County*

/s/ Jennifer Ewers

E-FILED  2020 OCT 05 2:32 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| MARGARET CORKREAN, | Case No. LACL148777 |
| Plaintiff, | |
| v. | **ACCEPTANCE OF SERVICE** |
| DRAKE UNIVERSITY and GESINE GERHARD, individually, | |
| Defendants. | |

I, Rebecca R. Reif, hereby acknowledge receipt and accept service of the Original Notice and Petition on behalf of Defendants Drake University and Gesine Gerhard.  This acknowledgment takes place on the 5th day of October, 2020.

Rebecca E. Reif (AT0011963)
Olivia D. Brooks (AT0014216)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309
(515) 243-7611
(515) 243-2149 (fax)
rreif@ahlerslaw.com
obrooks@ahlerslaw.com
ATTORNEY FOR DRAKE DEFENDANTS

**Electronically filed and served.**

Megan Flynn
Michael J. Carroll
COPPOLA LAW FIRM
2100 Westown Pkwy, Suite 210
West Des Moines, IA 50265
(515) 453-1055
(515) 455-1059 (fax)
megan@wdmlawyers.com
michael@wdmlawyers.com
ATTORNEYS FOR PLAINTIFF

| CERTIFICATE OF SERVICE | | |
|---|---|---|
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on:  _October 5, 2020_ | | |
| By: ☐ U.S. Mail | | ☐ Fax |
| ☐ Hand delivery | | ☐ Private Carrier |
| ☒ Electronically (*via EDMS*) | | ☐ E-mail |
| Signature:  _Kimberly Wolff_ | | |